**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:21-CR-00007-JDK** |
| **v.** § | |
| § | |
| § | |
| **ORLANDO RAY ELLIS** § | |
| § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On February 14, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Orlando Ray Ellis. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. On April 26, 2022, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to time served, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, acquiring a high school equivalency diploma, mental health treatment, and substance abuse testing and treatment. On April 26, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to participate in a substance abuse testing and treatment program and to follow all rules and regulations of the program. In its petition, the government alleges that Defendant violated his conditions of supervised release on July 19, 2022, when Defendant failed to schedule or attend a substance abuse assessment as instructed.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release as referenced above, Defendant will have committed a Grade C violation. *See* U.S.S.G. § 7B1.1(a). Upon finding of a Grade C violation, the court may (A) revoke supervised release or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. *See* U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of time served with no supervised release to follow. Because Defendant has been in custody since November of 2022 due to his commitment to the BOP to assess and then restore Defendant's competence to proceed in this matter, the Court found that the government's recommendation of time served was appropriate. [1]

The court therefore **RECOMMENDS** that Defendant Orlando Ray Ellis's plea of true be accepted, and that he be sentenced to time served with no supervised release to follow. The parties

---

[1] Prior to conducting the revocation hearing in this matter, the court took judicial notice without objection of the BOP psychologist's report (Doc. No. 596) finding Defendant competent to proceed, as well as the Certificate of Restoration of Competency (Doc. No. 597) provided by the BOP facility warden. Having considered this evidence as well as counsel's representations and Defendant's demeanor at the hearing, the court found Defendant competent to proceed to a final revocation hearing in this matter.

waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 14th day of February, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE